IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MIGUEL ALFONSO NEGRETE** | § | |
| | § | |
| **V.** | § | A-08-CA-759 SS |
| | § | |
| **CLAUDE MAYE, WARDEN** | § | |
| **FCI BASTROP** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The undersigned magistrate judge submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended. Before the Court are: Miguel Alfonso Negrete's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Clerk's Docket No. 1); Respondent's Response and Motion to Dismiss the Petition for Writ of Habeas Corpus (Clerk's Docket No. 7); and Petitioner's Reply (Clerk's Docket No. 10).[1] After considering the parties' pleadings, the record, and the relevant law, the undersigned magistrate judge issues the following Report and Recommendation.

**I. GENERAL BACKGROUND**

On October 18, 2000, Petitioner Miguel Alfonso Negrete ("Petitioner") began serving a 10-year state sentence in the Texas Department of Criminal Justice ("TDCJ") for his conviction in

---

[1] Petitioner also filed a Motion to Strike the Motion to Dismiss (Clerk's Docket No. 11), which is DENIED as patently meritless.

Bexar County, Texas for possession of a controlled substance. On January 11, 2001, Petitioner was released from state custody on "shock probation."[2] On September 22, 2002, Petitioner was arrested for violating his state probation and remained in state custody until December 19, 2003, when the United States Marshals Service "borrowed" Petitioner from state custody via a *Writ of Habeas Corpus Ad Prosequendum* to secure his appearance in federal court for the federal charge of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). On January 29, 2004, Petitioner was released from TDCJ custody on parole[3] and was placed in the custody of the United States Marshals Service.

On February 12, 2004, Petitioner entered a plea of guilty to possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). On May 27, 2004, United States District Judge Fred Biery sentenced Petitioner to a term of 100 months "to be served concurrently with any state parole revocation sentence imposed." Judgment and Commitment Order, SA-02-CR-536(1)FB. Petitioner is currently incarcerated at the Federal Correctional Institute in Bastrop, Texas with a projected good conduct release date of May 5, 2011.

## II. ISSUE PRESENTED

Petitioner contends that the Bureau of Prisons erroneously calculated the length of his sentence by failing to run his federal and state sentences concurrently as ordered by the district court.

---

[2] "Shock probation" refers to Article 42.12, § 6 of the Texas Code of Criminal Procedure which allows the trial court to suspend further imposition of sentence after the convicted party has experienced the "shock" of actual incarceration. *Sutton v. State*, 2009 WL 90498 at * 1 (Tex. App.–Amarillo, Jan. 14, 2009, no pet.). The statute provides that the trial court's jurisdiction in a felony case shall continue for 180 days from the date the execution of the sentence actually begins for the purpose of suspending further execution of a sentence. See TEX. CODE CRIM. PROC. ANN. art. 42.12, § 6 (Vernon 2006).

[3] Petitioner received credit on this sentence from June 27, 2002 through January 29, 2004.

## III. ANALYSIS

In the instant case, the district court ordered Petitioner's federal sentence "to be served concurrently with any state parole revocation sentence imposed." Judgment and Commitment Order in SA-02-CR-536(1)FB. Petitioner argues that the Bureau of Prisons ("BOP") erred in calculating his sentence by failing to give him credit for time spent in state custody from November 6, 2002, when he was allegedly sentenced for the state parole violation, through January 30, 2004, when he was released to the United States Marshall Service.

After a district court has sentenced a federal offender, the BOP has the responsibility for administering the sentence. *United States v. Wilson*, 503 U.S. 329, 331-32, 334 (1992). Thus, the BOP is responsible for calculating a prisoner's sentence and for determining what credit, if any, will be awarded to prisoners for time spent in custody prior to the start of their sentences. *Id*. *See also*, *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). A defendant is given credit toward his term of imprisonment for any time he has spent in official detention prior to the commencement of the sentence "that has not been credited against another sentence." 18 U.S.C. § 3585(b).

In the instant case, the BOP determined that Petitioner's sentence "commenced"[4] on May 27, 2004, the day of his federal sentencing. In accordance with 18 U.S.C. §3585(b), the BOP determined that Petitioner's sentence should be reduced by 118 days for time spent in custody from January 30, 2004 (when he was released from TDCJ and was placed in the custody of the United States Marshal Service) through May 27, 2004 (when he was sentenced by the District Court). Because the District Court ordered that Petitioner's federal sentence "may be served concurrently with any state parole

---

[4]A federal sentence commences to run on the date the defendant "is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

3

revocation sentence imposed," Petitioner argues that the BOP should have calculated his federal sentence to commence on the same date that his state parole revocation sentence commenced– November 6, 2002. Petitioner's proposed calculation would give him credit for time spent in state custody from November 6, 2002 to January 30, 2004.

The problem with Petitioner's argument is that the earliest date a federal sentence can commence is the date on which it is imposed. *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980). This is true even if a sentence has been ordered to run concurrently with a previously imposed term. *See id.* (holding that a "federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served"). Thus, courts have found that the word "concurrent" as used by the District Court in this case does not mean that Petitioner's state and federal sentences have the same starting date since a federal sentence cannot commence prior to the date it is pronounced. *See Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006). Therefore, a federal sentence cannot be deemed to have commenced retroactively at any time prior to the date it was imposed. *Coloma*, 445 F.3d at 1284-86; *Mathison v. Morrison,* 2007 WL 3224671 at * 4 (D. Minn. Nov. 1, 2007). Because Petitioner was not sentenced for his federal conviction until May 27, 2004, the earliest his federal sentence could have commenced was May 27, 2004. See *Id.* Because Petitioner's state sentence had already been discharged by the time of his federal sentencing (he was paroled from his state sentence on January 29, 2004), there was nothing for the federal sentence to run concurrent with. See *United States v. Moore,* 2001 WL 1692476 at *4 (5th Cir. Nov. 27, 2001) (finding that district court could not have committed plain error at sentencing in failing to run defendants's sentence concurrent to his discharged state sentence since

4

there was nothing for the federal sentence to run concurrent with). Accordingly, the BOP's designated commencement date of May 27, 2004 was correct in this case.

Moreover, the BOP's determination of the amount of credit to be awarded against Petitioner's sentence was correct in this case. As noted, a defendant is given credit toward his term of imprisonment for any time he has spent in official detention prior to the commencement of the sentence "that has not been credited against another sentence." 18 U.S.C. § 3585(b). In Petitioner's case, the period of time for which he seeks credit against his federal sentence (from November 6, 2002 to January 30, 2004) has already been credited against his state sentence. *See* Attachment 2 to Respondent's Motion to Dismiss (showing that Petitioner received credit from June 27, 2002 through January 29, 2004 toward his parole violation sentence). Section 3585(b) clearly and unambiguously prohibits the BOP from giving a federal prisoner credit toward his federal sentence for time that has already been credited toward some other sentence. By enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337. Because Petitioner has already received credit toward his state sentence for the time period from November 6, 2002, to January 30, 2004, he is not entitled to receive credit again toward his federal sentence under § 3585(b). *See Leal*, 341 F.3d at 430 (holding that BOP was not required to credit the time defendant spent in state custody, which was credited toward his state sentence, toward his federal sentence since time was already credited against state sentence); *United States v. Moore,* 2001 WL 1692476 at *4 (finding that defendant was not entitled to credit against his federal sentence for time spent in state custody since the time had already been credited against his state sentence). Thus, the BOP properly applied § 3585(b) in this case and calculated the appropriate amount of credit to be awarded against Petitioner's federal sentence in this case.

Because Petitioner is not entitled to the additional credit that he is seeking here, his application for writ of habeas corpus should be denied.

## IV.  RECOMMENDATION

The Magistrate Court **RECOMMENDS** that the District Court **GRANT** the Respondent's Motion to Dismiss (Clerk's Docket No. 7) Miguel Alfonso Negrete's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and **DENY** Petitioner's Writ of Habeas Corpus under 28 U.S.C. § 2241 (Clerk's Docket No. 1) and all other relief requested by Petitioner.

## V.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of May, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE